## BLACKMAN v. BRANCH BANK AT MOBILE.

1. A notice for judgment, by motion, made by one assuming to be President of the Bank, is sufficient, whether he be President of the Bank, *de jure*, or not, if the act is adopted by his successor, who is legally President of the Bank.

Error to the Circuit Court of Dallas.

Motion, by the Bank, for judgment on a note, made by Josiah Blackman, payable to Billups Gayle, Cashier, or bearer, negotiable and payable at the Bank.

The defendant appeared and pleaded, that Edmund Harrison, whose name is signed to the notice, was not, at the date of said notice, President of said Branch Bank, but that one Theophilus L. Toulmin, was at that time President of the Bank. To this plea the plaintiff demurred, and the Court sustained the demurrer.

The defendant also pleaded a set off, and issue being joined thereon, the jury found a verdict for the plaintiff, upon which judgment was rendered. The defendant now assigns for error—

Borland v. Mayo.

1. The judgment of the Court, in sustaining the demurrer to the plea.

2. The plaintiff had not such an interest in the note, as to sustain a motion on it.

GEO. GAYLE, for plaintiff in error, cited 3 Ala. Rep. N. S. 186.

ORMOND, J.—In Curry v. The Bank of Mobile, 8 Porter, 373, we held, that the notice of an intended motion for judgment, might be given by an attorney of the corporation. The plea, in this case, is founded upon the supposition, that as Mr. Harrison was out of office at the time notice was issued, it was invalid. The charter requiring the President of the Bank to give notice, does not contemplate that he should do it in person, but that notice shall be given under his direction. The notice, in this case, was issued under the direction of Mr. Harrison, acting as the President of the Bank, and whether he was President, *de jure*, of the Bank or not, is wholly unimportant, as the act was affirmed by his successor.

The objection that it does not appear from the record, that the Bank had the legal title to the note, is cured by statute. See the case of Crawford v. The Branch Bank of Mobile, at the present term.

Let the judgment be affirmed.